1   GARY R. SINISCALCO (STATE BAR NO. 64770)
    grsiniscalco@orrick.com
2   ERIN CONNELL (STATE BAR NO. 223355)
    econnell@orrick.com
3   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
4   405 Howard Street
    San Francisco, CA 94105-2669
5   Telephone:   +1-415-773-5700
    Facsimile:   +1-415-773-5759
6
    Attorneys for Defendant
7   Business Objects Americas

8                        UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11

12   CLEMENT KICHUK,                       Case No. **C 07 05893 PVT**

13                 Plaintiff,              NOTICE OF REMOVAL BY
                                           DEFENDANT BUSINESS OBJECTS
14        v.                               AMERICAS

15   BUSINESS OBJECTS AMERICAS, a
16   corporation, and DOES 1 through 10,

17                 Defendants.

18

19

20

21

22

23

24

25

26

27

28

OHS West:260331630.1

                                                    NOTICE OF REMOVAL
                                                    CASE No. _____

FILED

2007 NOV 20  P 2:57

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-FILING

Fee Paid
NP
5

1   TO THE CLERK OF COURT, PLAINTIFF CLEMENT KICHUK AND HIS

2   ATTORNEYS OF RECORD:

3        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. section 1441 *et seq.*, defendant

4   Business Objects Americas ("Business Objects" or "Defendant") hereby removes this action from

5   the Superior Court of California for the County of Santa Clara to this Court, based on the

6   following facts:

7                          **PROCEEDINGS TO DATE**

8        1.   On October 26, 2007, a civil action was commenced in the Superior Court of

9   California for the County of Santa Clara entitled "Clement Kichuk, Plaintiff, vs. Business Objects

10  Americas, a corporation, and Does 1 through 10, Defendants," No. 107CV097641 (the "Action").

11  A true copy of the complaint and the summons and other papers issued with the complaint are

12  attached to this notice as Exhibit A. The allegations of the complaint in the Action are

13  incorporated by reference in this notice without necessarily admitting any of them.

14       2.   Defendant was served with the Complaint and the other papers that are attached as

15  Exhibit A on November 7, 2007. Therefore, this notice is timely as it is filed within thirty (30)

16  days of the first receipt by a defendant of a copy of the Summons and Complaint in this matter.

17  28 U.S.C. § 1446(b).

18       3.   On November 19, 2007, Defendant filed with the Santa Clara County Superior

19  Court and served Plaintiff with its Answer to Plaintiff's Unverified Complaint, a true copy of

20  which is attached hereto as Exhibit B.

21       4.   Defendant is informed and believes and on that basis alleges that there have been

22  no other named defendants in this case and that no other defendant, whether named or not, has

23  been served with or otherwise received the Complaint in the Action.

24                            **JURISDICTION**

25       5.   This Court has original jurisdiction over this civil action pursuant to 28 U.S.C.

26  § 1331, as Plaintiff's Second and Fourth causes of action allege age discrimination and retaliation

27  under 29 U.S.C. §§ 621-634, the Age Discrimination in Employment Act ("ADEA"), a federal

28  statue of the United States. Complaint, ¶¶ 17-22, 29-34. Therefore, this action is removable

1  pursuant to 28 U.S.C. §§ 1441(a) & (b) and 1331.

2      6.      Because Plaintiff's other claims arise from the same controversy underlying the

3  federal claims, this Court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367.

4  See *Executive Software v. U.S. District Court*, 24 F.3d 1545, 1558 (9th Cir. 1994).

5      7.      Because this action is currently pending in the Superior Court of the County of

6  Santa Clara, under 28 U.S.C. section 1441(a), this Court is the proper forum of this action upon

7  removal.

8      8.      This Notice of Removal will be promptly served on Plaintiff and filed with the

9  Clerk of the Superior Court of the State of California in and for the County of Santa Clara.

10      9.      In compliance with 28 U.S.C. section 1446(a), attached are copies of the state-

11  court papers served herein – the Complaint and Summons (Exhibit A), and the Answer

12  (Exhibit B).

13

14      WHEREFORE, Defendant prays that this civil action be removed from the Superior Court

15  of the State of California, County of Santa Clara, to the United States District Court of the

16  Northern District of California, San Jose Division.

17  Dated: November *19*, 2007            GARY R. SINISCALCO

18                                       ERIN M. CONNELL
                                         ORRICK, HERRINGTON & SUTCLIFFE LLP

19

20                              By:  *Erin Connell*

21                                       Erin M. Connell
                                         Attorneys for Defendant
22                                       Business Objects Americas

23

24

25

26

27

28

# Exhibit A

**Service of Process
Transmittal**
11/08/2007
CT Log Number 512772625

TO:     David Kennedy
        Business Objects Americas
        3030 Orchard Parkway
        San Jose, CA 95134-2028

RE:     **Process Served in California**

FOR:    Business Objects Americas (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Clement Kichuk, Pltf. vs. Business Objects Americas, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Notice, Complaint |
| **COURT/AGENCY:** | Santa Clara County- San Jose, Superior Court, CA<br>Case # 107CV097641 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Retaliation - On the basis of age - Wrongful Termination - June 2007 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/07/2007 at 14:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response // 03/18/2008 at 1:30 p.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Keith Ehrman<br>McGuinn, Hillsman & Palefsky<br>535 Pacific Avenue<br>San Francisco, CA 94133<br>415-421-9292 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 791430613596<br>Email Notification, Brian Stine bstine@businessobjects.com<br>Email Notification, Isabelle LaPrade ilaprade@businessobjects.com<br>Email Notification, David Kennedy david.kennedy@businessobjects.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of 1 / NF

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
BUSINESS OBJECTS AMERICAS, a corporation, and DOES 1
through 10

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
CLEMENT KICHUK



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

07 OCT 26 PM 3: 33

G. Duarte
SANTA CLARA
DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: (El nombre y dirección de la corte es): | CASE NUMBER: (Número del Caso): |
|---|---|
| Santa Clara Superior Court 191 N. First Street San Jose, CA 95113 | 107 CV 097641 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Cliff Palefsky, Esq. (SBN 77683); Keith Ehrman, Esq. (SBN 106985)
McGuinn, Hillsman & Palefsky, 535 Pacific Avenue, San Francisco, CA 94133; tel: (415) 421-9292

| DATE: (Fecha) | **OCT 2 6 2007** | Kiri Torre | Clerk, by (Secretario) | G. Duarte | , Deputy (Adjunto) |
|---|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify): Business Objects Americas

    under: [X] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

Cliff Palefsky, Esq. (State Bar No. 77683)
Keith Ehrman, Esq. (State Bar No. 106985)
McGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 421-9292

07 OCT 25  PM 3:33

G. Duarte

Attorneys for Plaintiff
CLEMENT KICHUK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| CLEMENT KICHUK, <br><br> Plaintiff, <br><br> v. <br><br> BUSINESS OBJECTS AMERICAS, a corporation, and DOES 1 through 10, <br><br> Defendants. | Case No. 1 07 CV 097641 <br><br> COMPLAINT FOR GOVERNMENT CODE VIOLATIONS, AGE DISCRIMINATION, AND WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY <br><br> JURY TRIAL DEMANDED <br> Unlimited Jurisdiction: <br> Damages Sought Exceed $25,000 |

Plaintiff alleges as follows:

### GENERAL ALLEGATIONS

1.    At all relevant times, Defendant BUSINESS OBJECTS AMERICAS ("Business Objects") was a corporation authorized to do business in, and doing business in, the State of California.  Business Objects is in the business of providing business intelligence software and solutions.  Business Objects has its corporate

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133

Complaint

1

1   headquarters in San Jose, California.   Business Objects has approximately 5,000

2   employees.

3       2.  The true names and capacities, whether individual, corporate, associate or

4   otherwise and the true involvement of defendants sued herein as DOES 1 through 10,

5
6   inclusive, are unknown to Plaintiff who therefore sues said defendants by such fictitious

7   names and will amend this Complaint to show the true names, capacities and

8   involvement when ascertained.  Plaintiff is informed and believes and thereon alleges

9   that each of the defendants designated as a DOE is responsible in some manner for the

10  events and happenings herein referred to, and that plaintiff's injuries and damages as

11  hereinafter set forth were proximately caused by said defendants.

12
13      3.  Plaintiff is informed and believes and thereon alleges that at all times herein

14  mentioned, each of the defendants sued herein was the agent and/or partner and/or

15  joint venturer of each of the remaining defendants, and each of them was at all times

16  acting within the purpose and scope of such agency.

17      4.  In June 2005, Plaintiff CLEMENT KICHUK ("Kichuk" or "Plaintiff") was offered

18  employment by Business Objects.  Plaintiff accepted Business Objects' offer and

19  became the company's Professional Services Practice Director.  Plaintiff commenced
20
21  his employment with Business Objects on July 6, 2005.

22      5.  In March 2006, Kichuk became Business Objects' Marketing Director for

23  Global Services.  In that job, Kichuk reported to Robb Eklund ("Eklund").  During the

24  second and third quarters of 2006, leading up to October 2006, Kichuk received very

25  good quarterly performance reviews of 90% and 88%, respectively.

26      6.  Plaintiff's date of birth is July 16, 1947.  In October 2006, Plaintiff was 59
27
28  years old.  In early October 2006, Plaintiff was informed by Eklund that a marketing

    employee named Ursula Ayrout ("Ayrout"), who was in her 30's, would be taking over a

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
Complaint                                                                          2

portion of Plaintiff's job duties and that Plaintiff would now be reporting to Ayrout. Ayrout, in turn, would report to Eklund. Thus, in addition to having some of his job duties taken away in October 2006, Plaintiff was also moved down a level in terms of reporting responsibility. Ayrout was given the title of Senior Manager of Global Services Marketing.

7. As of October 2006, Eklund's superior was Juliette Sultan ("Sultan"). Sultan was the Chief Marketing Officer of Business Objects. Unbeknownst to Plaintiff, in early October 2006, Sultan had informed Eklund by e-mail that she wanted to replace Plaintiff with someone "younger". In fact, Sultan and Eklund transferred Ayrout to take over certain of Plaintiff's responsibilities and to become his superior at this time, as part of this plan. Eklund and Sultan had also exchanged e-mails in October 2006 in which they discussed how they hoped to humiliate Plaintiff into quitting; that requiring Plaintiff to report to Ayrout might assist in that regard; and that if Plaintiff did not quit, they would begin a campaign to erode Plaintiff's performance reviews to force him out.

8. Prior to December 2006, Plaintiff had been unaware of the October e-mails between Eklund and Sultan which referred to their plan to replace him with someone younger and to humiliate him into quitting. However, in early December 2006, Sultan's former executive assistant told Plaintiff that she had seen these e-mails between Eklund and Sultan in October. Plaintiff was very upset, believed that he was being subjected to age discrimination, and believed that Ayrout's transfer had been part of the plan to replace him with someone younger. Plaintiff went to Marlo Banks ("Banks"), who worked in Business Objects' Human Resources department, complained about Defendant's apparent age discrimination toward him, reported the existence of the Eklund/Sultan October e-mails, and demanded that the company preserve these e-mails. Banks did not deny the existence of the e-mails.

9.   In February 2007, Plaintiff received his fourth quarter 2006 performance rating, which was 91%. However, in April 2007, Plaintiff received his first quarter 2007 performance rating, which was 52%.   Plaintiff's April 2007 performance rating was unwarranted, and was completely inconsistent with the prior performance ratings.   In addition, Plaintiff was put on a Performance Improvement Plan in April 2007 as a result of his unjustified low performance rating.

10.   On June 4, 2007, Banks and Ayrout informed Plaintiff that he was being terminated, effective June 9, 2007. Business Objects did, in fact, terminate Plaintiff on June 9, 2007, despite the fact that Plaintiff had been performing his job in a satisfactory manner.

## FIRST CAUSE OF ACTION
### (Violation of Government Code Section 12940—Age Discrimination)

11.   Plaintiff incorporates by reference as though fully set forth every allegation of ¶¶ 1 through 10 above.

12.   Pursuant to California Government Code Section 12940, it is unlawful for an employer to terminate or otherwise discriminate against an employee over the age of 40 in the terms, conditions or privileges of employment, on account of the employee's age.

13.   In October 2006, Plaintiff had a portion of his job duties taken away and given to a substantially younger employee, and Plaintiff also had his reporting responsibility moved down one level. In April 2007, Plaintiff was given an unwarranted poor performance rating and was placed on a Performance Improvement Plan.   In June 2007, Defendants terminated Plaintiff. Defendants took these adverse actions against Plaintiff in October 2006, April 2007 and June 2007, on account of Plaintiff's age.

14.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered damages including, but not limited to, a loss of income and benefits, and

1  has further suffered emotional distress and other general damages, all in a sum in

2  excess of the jurisdictional limits of the Superior Court.

3      15. In doing the things alleged herein, Defendants' conduct was despicable, and

4  Defendants acted toward plaintiff with malice, oppression, fraud, and with a willful and

5
6  conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive

7  damages.

8      16. Plaintiff has exhausted his administrative remedies, in that he has obtained a

9  right-to-sue letter from the Department of Fair Employment and Housing.

10      WHEREFORE, Plaintiff prays for judgment as is further set forth below.

11
12  **SECOND CAUSE OF ACTION**
**(Violation of the ADEA—29 U.S.C. Section 621 et seq.)**

13      17. Plaintiff incorporates by reference as though fully set forth every allegation of

14  ¶¶ 1 through 16 above.

15      18.  Pursuant to 29 U.S.C. Sections 621—634, the Age Discrimination in
16
17  Employment Act ("ADEA"), it is unlawful for an employer to terminate or otherwise

18  discriminate against an employee over the age of 40 in the terms, conditions or

19  privileges of employment on account of the employee's age.

20      19. In October 2006, Plaintiff had a portion of his job duties taken away and

21  given to a substantially younger employee, and also had his reporting responsibility

22  moved down one level.  In April 2007, Plaintiff was given an unwarranted poor

23  performance rating and was placed on a Performance Improvement Plan.  In June

24
25  2007, Defendants terminated Plaintiff.  Defendants took these adverse actions against

26  Plaintiff in October 2006, April 2007 and June 2007, on account of Plaintiff's age.

27      20. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff

28  has suffered damages including, but not limited to, a loss of income and benefits, all in a

1    sum in excess of the jurisdictional limits of the Superior Court.

2    21.   In doing the things alleged herein, Defendants acted with a willful and

3    reckless disregard of Plaintiff's rights, entitling Plaintiff to an award of liquidated

4    damages pursuant to 29 U.S.C. Section 626(1).

5
6    22.  Plaintiff has exhausted his administrative remedies, in that he has obtained a

7    right-to-sue letter from the Equal Employment Opportunity Commission.

8    WHEREFORE, Plaintiff prays for judgment as is further set forth below.

9    ### THIRD CAUSE OF ACTION
    **(Violation of Government Code Section 12940—Retaliation)**

10
11   23.  Plaintiff incorporates by reference as though fully set forth every allegation of

12   ¶¶ 1 through 22 above.

13   24.  Pursuant to California Government Code Section 12940(h), it is unlawful for

14   an employer to terminate or otherwise discriminate against any employee because that

15   employee has opposed any discriminatory practices forbidden by the California Fair

16   Employment and Housing Act (Government Code Sections 12900—12996).

17
18   25.   As set forth in Paragraph 8 above, in December 2006, Plaintiff went to

19   Defendant's Human Resources department and objected to, reported and opposed

20   certain discriminatory actions by Defendant.  As a result of, and in retaliation for,

21   Plaintiff's having reported and opposed Defendant's discriminatory practices, Defendant

22   thereafter discriminated against Plaintiff in 2007, by giving him an unwarranted poor

23   performance rating in April 2007 and placing him on a Performance Improvement Plan,

24   and by thereafter terminating Plaintiff in June 2007.  In taking these adverse actions

25   against Plaintiff, Defendant retaliated against Plaintiff for having opposed discriminatory

26   practices and Defendant thereby violated Government Code Section 12940(f).

27
28   26. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff

1  has suffered damages including, but not limited to, a loss of income and benefits, and

2  has further suffered emotional distress and other general damages, all in a sum in

3  excess of the jurisdictional limits of the Superior Court.

4      27.  In doing the things alleged herein, Defendants' conduct was despicable, and

5  Defendants acted toward plaintiff with malice, oppression, fraud, and with a willful and

6

7  conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive

8  damages.

9      28.  Plaintiff has exhausted his administrative remedies, in that he has obtained a

10  right-to-sue letter from, the Department of Fair Employment and Housing.

11      WHEREFORE, Plaintiff prays for judgment as is further set forth below.

12

13  **FOURTH CAUSE OF ACTION**
**(Violation of ADEA:  Retaliation)**

14      29.  Plaintiff incorporates by reference as though fully set forth every allegation of

15  ¶¶ 1 through 28 above.

16      30.  Pursuant to 29 U.S.C. Section 623(d), it is unlawful for an employer to

17

18  terminate or otherwise discriminate against any employee because that employee has

19  opposed any discriminatory practices made unlawful by the ADEA.

20      31.  As set forth in Paragraph 8 above, in December 2006, Plaintiff went to

21  Defendant's Human Resources department and objected to, reported and opposed

22  certain discriminatory actions by Defendant.  As a result of, and in retaliation for,

23  Plaintiff's having reported and opposed Defendant's discriminatory practices, Defendant

24

25  thereafter discriminated against Plaintiff in 2007, by giving him an unwarranted poor

26  performance rating in April 2007 and placing him on a Performance Improvement Plan,

27  and by thereafter terminating Plaintiff in June 2007.  In taking these adverse actions

28  against Plaintiff, Defendant retaliated against Plaintiff for having opposed discriminatory

1    practices and Defendant thereby violated 29 U.S.C. Section 623(d).

2    32.  As a direct and proximate result of Defendants' wrongful conduct, Plaintiff

3    has suffered damages including, but not limited to, a loss of income and benefits, all in a

4    sum in excess of the jurisdictional limits of the Superior Court.

5    33.  In doing the things alleged herein, Defendants acted with a willful and

6

7    reckless disregard of Plaintiff's rights, entitling Plaintiff to an award of liquidated

8    damages.

9    34.  Plaintiff has exhausted his administrative remedies, in that he has obtained a

10   right-to-sue letter from, the Equal Employment Opportunity Commission.

11   WHEREFORE, Plaintiff prays for judgment as is further set forth below.

12

13                          **FIFTH CAUSE OF ACTION**
                    **(Wrongful Termination in Violation of Public Policy)**
14

15   35.  Plaintiff re-alleges and incorporates by reference ¶¶ 1 through 34, above, as

16   though fully set forth herein.

17   36.  It is the public policy of the State of California that employers may not

18   terminate an employee over the age of 40 on account of the employee's age.  This

19   public policy is embodied in various statutes, including California Government Code

20   Sections 12920, 12921 and 12940, and 29 U.S.C. Sections 621 and 623.

21

22   37.  Defendants terminated Plaintiff in June 2007 on account of his age. In

23   terminating Plaintiff for this reason, Defendants terminated Plaintiff in violation of public

24   policy.

25   38.  As a direct and proximate result of Defendants' wrongful conduct, Plaintiff

26   has suffered damages including, but not limited to, a loss of income and benefits, and

27   has further suffered emotional distress and other general damages, all in a sum in

28   excess of the jurisdictional limits of the Superior Court.

has further suffered emotional distress and other general damages, all in a sum in excess of the jurisdictional limits of the Superior Court.

39.  In doing the things alleged herein, Defendants' conduct was despicable, and Defendants acted toward Plaintiff with malice, oppression, fraud, and with a willful and conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment as follows:

## PRAYER FOR RELIEF

1.    For general damages according to proof;

2.    For special damages according to proof;

3.    For punitive damages;

4.    For liquidated damages;

5.    For costs of suit, including reasonable attorney's fees;

6.    For interest at the maximum legal rate on all sums awarded; and

7.    For such other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

DATED:  October 26, 2007

McGUINN, HILLSMAN & PALEFSKY
Attorneys for Plaintiff

By:  _____
              Keith Ehrman

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133

Complaint

9

# CIVIL LAWSUIT NOTICE

**ATTACHMENT CV-5012**

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA  95113*

CASE NUMBER: _____

**1 07 C V 0 9 7 6 4 1**

## READ THIS ENTIRE FORM

*PLAINTIFFS* (the person(s) suing):  Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANTS* (The person(s) being sued):  You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

  **Warning:** If you do not do these three things, you may automatically lose this case.

---

*RULES AND FORMS:*  You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms.  You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.scsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing:  408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

  *You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is:  **Joseph Huber**          Department: **8**

The 1ˢᵗ CMC is scheduled for: (Completed by Clerk of Court)
  Date: **03/18/08**  Time: **1:30pm**  in Department  **8**

The next CMC is scheduled for: (Completed by party if the 1ˢᵗ CMC was continued or has passed)
  Date: _____  Time: _____  in Department _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference.  Visit the Court's website at www.scsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

## *What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

## *What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

<   **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

<   **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

<   **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

<   **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

<   **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

## *What are the main forms of ADR offered by the Court?*

<   **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

<   Mediation may be appropriate when:
    <   The parties want a non-adversary procedure
    <   The parties have a continuing business or personal relationship
    <   Communication problems are interfering with a resolution
    <   There is an emotional element involved
    <   The parties are interested in an injunction, consent decree, or other form of equitable relief

*–over–*

<    **Arbitration** is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

      Arbitration may be appropriate when:
- <   The action is for personal injury, property damage, or breach of contract
- <   Only monetary damages are sought
- <   Witness testimony, under oath, is desired
- <   An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

<    **Neutral evaluation** is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

      Neutral evaluation may be appropriate when:
- <   The parties are far apart in their view of the law or value of the case
- <   The case involves a technical issue in which the evaluator has expertise
- <   Case planning assistance would be helpful and would save legal fees and costs
- <   The parties are interested in an injunction, consent decree, or other form of equitable relief

<    **Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

      Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

<    **Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

      Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

### *What kind of disputes can be resolved by ADR?*

      Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

### *Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

      **Contact:**

Santa Clara County Superior Court            Santa Clara County DRPA Coordinator
ADR Administrator                                 408-792-2704
408-882-2530

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION**

# Exhibit B

1   GARY R. SINISCALCO (STATE BAR NO. 64770)
    grsiniscalco@orrick.com
2   ERIN M. CONNELL (STATE BAR NO. 223355)
    econnell@orrick.com
3   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
4   405 Howard Street
    San Francisco, CA 94105-2669
5   Telephone:   +1-415-773-5700
    Facsimile:   +1-415-773-5759
6
7   Attorneys for Defendant
    Business Objects Americas

8
9                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF SANTA CLARA

11
    CLEMENT KICHUK,                          CASE NO. 107CV097641
12
              Plaintiff,                     DEFENDANT BUSINESS OBJECTS
13                                           AMERICAS' ANSWER TO
         v.                                  PLAINTIFF'S UNVERIFIED
14                                           COMPLAINT
    BUSINESS OBJECTS AMERICAS, a
15  corporation, and DOES 1 through 10,

16            Defendants.

17

18      Defendant Business Objects Americas ("Business Objects") hereby answers the unverified

19  complaint ("Complaint") filed by Plaintiff Clement Kichuk as follows:

20                              GENERAL DENIAL

21      Pursuant to California Code of Civil Procedure § 431.30(d), Business Objects generally

22  denies each and every material allegation of the Complaint and further denies that Plaintiff has

23  been damaged in the manner or amount alleged, or in any manner or amount.

24                          AFFIRMATIVE DEFENSES

25      Business Objects is still investigating the acts and behavior alleged in the Complaint.

26  After further discovery in this case, Business Objects will seek leave to amend this Answer if it

27  discovers facts demonstrating the existence of additional defenses.

28
    OHS West:260331737.1
    ─────────────────────────────────────────────
              DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

[ENDORSED]
FILED
NOV 19 09
KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
                    DEPUTY

**FIRST DEFENSE**

1.      As a separate defense to the Complaint and to each cause of action therein, Business Objects alleges that the Complaint, and each purported cause of action therein, fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

2.      As a separate defense to the Complaint and to each cause of action therein, Business Objects alleges that Plaintiff relinquished and waived any right to any of the claims upon which Plaintiff now seeks relief.

**THIRD DEFENSE**

3.      As a separate defense to the Complaint and to each cause of action therein, Business Objects alleges that any alleged conduct or omission by Business Objects was not the cause in fact or proximate cause of any injury alleged by Plaintiff.

**FOURTH DEFENSE**

4.      As a separate defense to the Complaint and to each cause of action therein, Business Objects alleges that, should it be determined that Plaintiff has been damaged, then said damages were proximately caused by Plaintiff's own conduct.

**FIFTH DEFENSE**

5.      As a separate defense to the Complaint and to each cause of action therein, Business Objects alleges that Plaintiff's recovery in this action is barred by Plaintiff's failure to exercise reasonable care and diligence to mitigate Plaintiff's alleged damages.  Alternatively, Business Objects alleges that any recovery by Plaintiff should be reduced by those damages that Plaintiff failed to mitigate.

**SIXTH DEFENSE**

6.      As a separate defense to the Complaint and to each cause of action therein, Business Objects alleges that any action that Business Objects took with respect to Plaintiff's employment was privileged and justified.

**SEVENTH DEFENSE**

7.      As a separate defense to the Complaint and to each cause of action therein,

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1   Business Objects alleges that any action taken by Business Objects is protected by the doctrine of

2   business necessity.

### EIGHTH DEFENSE

4        8.      As a separate defense to the Complaint and to each cause of action therein,

5   Business Objects alleges that Plaintiff has failed to state facts sufficient to support an award of

6   compensatory, punitive, emotional, physical, and/or mental distress against Business Objects.

### NINTH DEFENSE

8        9.      As a separate defense to the Complaint and to each cause of action therein,

9   Business Objects alleges it cannot be held liable for punitive damages because, at the time of the

10  alleged acts or omissions giving rise to Plaintiff's claim for punitive damages, Business Objects

11  had implemented in good faith one or more policies prohibiting the alleged acts or omissions

12  and/or had otherwise made good faith efforts to comply with the applicable law.

### TENTH DEFENSE

14       10.     As a separate defense to the Complaint and to each cause of action therein,

15  Business Objects alleges that Plaintiff, by Plaintiff's acts or omissions, is estopped from asserting

16  any claims upon which he now seeks relief.

### ELEVENTH DEFENSE

18       11.     As a separate defense to the Complaint and to each cause of action therein,

19  Business Objects alleges that Plaintiff, by Plaintiff's acts and omissions, is barred by the doctrine

20  of unclean hands from asserting any of the claims upon which he seeks relief.

### TWELFTH DEFENSE

22       12.     As a separate defense to the Complaint and to each cause of action therein,

23  Business Objects alleges that Plaintiff, by Plaintiff's acts and omissions, is barred by the doctrine

24  of laches from asserting any of the claims upon which he seeks relief.

### THIRTEENTH DEFENSE

26       13.     As a separate defense to the Complaint and to the first, second, third and fourth

27  causes of action therein, Business Objects alleges that Plaintiff failed to exhaust his

28  administrative remedies as required under the California Fair Employment and Housing Act, Cal.

OHS West:260331737.1                                                      - 3 -

1    Govt. Code § 12900 *et seq.* and the Age Discrimination In Employment Act, 29 U.S.C. § 626(d).

2                              **FOURTEENTH DEFENSE**

3          14.    As a separate defense to the Complaint and to the causes of action therein,

4    Business Objects alleges that to the extent Plaintiff seeks damages under California law for

5    emotional and physical distress, Plaintiff's exclusive remedy is provided by the Workers'

6    Compensation Act, California Labor Code § 3600 *et seq.* Alternatively, Business Objects alleges

7    that it may be entitled to a set-off for any amounts paid to Plaintiff pursuant to the California

8    Workers' Compensation Act.

9                               **FIFTEENTH DEFENSE**

10         15.    As a separate defense to the Complaint and to the causes of action therein,

11   Business Objects alleges that Plaintiff's claims are barred in whole or in part by the applicable

12   statutes of limitation, including, but not limited to California Government Code § 12960;

13   California Code of Civil Procedure § 335.1; and 29 U.S.C. § 626(d).

14                              **SIXTEENTH DEFENSE**

15         16.    As a separate defense to the Complaint and to the causes of action therein,

16   Business Objects alleges that it was fully justified, and exercised reasonable care, prudence, skill

17   and business judgment with respect to Plaintiff, and that any decision with respect to Plaintiff was

18   made without regard to Plaintiff's age and/or alleged complaints.

19                             **SEVENTEENTH DEFENSE**

20         17.    As a separate defense to the Complaint and to each cause of action therein,

21   Business Objects alleges that the alleged actions complained of were not based upon a retaliatory

22   or discriminatory reason, but were based upon legitimate, non-retaliatory, non-discriminatory job-

23   related reasons.

24                              **EIGHTEENTH DEFENSE**

25         18.    As a separate defense to the Complaint and each cause of action therein, Business

26   Objects alleges that Plaintiff's action is barred because of the at-will nature of Plaintiff's

27   employment.

28

OHS West:260331737.1                          **- 4 -**

1                                    **NINETEENTH DEFENSE**

2          19.    As a separate defense to the Complaint and to each cause of action therein,

3    Business Objects alleges that Plaintiff was terminated for good cause, and that the termination

4    decision was objectively reasonable and made in good faith.

5                                    **TWENTIETH DEFENSE**

6          20.    As a separate defense to the Complaint and to each cause of action therein,

7    Business Objects alleges that any relief Plaintiff may be entitled to should be barred and/or

8    limited by subsequently discovered evidence of misconduct by Plaintiff which would have

9    resulted in plaintiff's termination.

10                                   **TWENTY-FIRST DEFENSE**

11         21.    As a separate defense to the complaint and each cause of action therein, Business

12   Objects alleges that Plaintiff has failed to comply with California Labor Code sections 2854,

13   2856, 2858 and 2859, respectively, to the extent that plaintiff failed to use ordinary care and

14   diligence in the performance of plaintiff's duties, failed to substantially comply with the

15   reasonable directions of plaintiff's alleged employer, and failed to exercise a reasonable degree of

16   skill in performing plaintiff's job duties.

17                                   **TWENTY-SECOND DEFENSE**

18         22.    As a separate defense to the complaint and to second and fourth causes of action

19   therein, Business Objects alleges that plaintiff's action under the Age Discrimination

20   Employment Act, 29 U.S.C. § 621 et seq. ("ADEA") is barred because of plaintiff's failure to

21   comply with the filing requirements of the ADEA.

22                                   **TWENTY-THIRD DEFENSE**

23         23.    As a separate defense to the complaint and to the first and third causes of action

24   therein, defendant alleges that plaintiff failed to file timely charges with the California

25   Department of Fair Employment and Housing.

26                                   **TWENTY-FOURTH DEFENSE**

27         24.    As a separate defense to the complaint and to the first and third causes of action

28   therein, defendant alleges that the California Department of Fair Employment and Housing Act

OHS West:260331737.1                                - 5 -

1    does not apply to Plaintiff, a non-California citizen who never worked for Business Objects in

2    California.

### TWENTY-FIFTH DEFENSE

4        25.    As a separate defense to the Complaint and to the causes of action therein,

5    Business Objects alleges that imposition of punitive damages would violate Business Objects'

6    due process and equal protection rights guaranteed by the United States Constitution.

### TWENTY-SIXTH DEFENSE

8        26.    As a separate defense to the Complaint and to each cause of action therein,

9    Business Objects alleges that all of the causes of action alleged against Business Objects are

10   frivolous, unreasonable and groundless. Accordingly, Business Objects is entitled to all costs,

11   expenses and attorneys' fees incurred in defending these causes of action pursuant to California

12   Code of Civil Procedure § 128.7.

### RELIEF REQUESTED

14       WHEREFORE, Business Objects prays for relief as follows:

15       1.    That the Complaint be dismissed with prejudice and Plaintiff takes nothing

16   thereby;

17       2.    For Business Objects 'cost of suit herein, including reasonable attorneys' fees; and

18       3.    For such other and further relief as the Court deems just.

19   Dated: November **19**, 2007        GARY R. SINISCALCO
20                                       ERIN M. CONNELL
                                         ORRICK, HERRINGTON & SUTCLIFFE LLP

22                                   By: _Erin Connell_____
23                                       Erin M. Connell
                                         Attorneys for Defendant
24                                       Business Objects Americas

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

## DECLARATION OF SERVICE BY MAIL

2     I am a citizen of the United States, more than eighteen years old and not a party to this

3     action. My business address and place of employment is Orrick, Herrington & Sutcliffe LLP,

4     The Orrick Building, 405 Howard Street, San Francisco, California 94105-2669.

5     On November 19, 2007, I served upon plaintiff Clement Kichuk **DEFENDANT**

6     **BUSINESS OBJECTS AMERICAS' ANSWER TO PLAINTIFF'S UNVERIFIED**

7     **COMPLAINT** by placing a true and correct copy thereof in a sealed envelope addressed as

8     follows:

9          Cliff Palefsky
           Keith Ehrman
10         McGuinn, Hillsman & Palefsky
           535 Pacific Avenue
11         San Francisco, CA 94133

12     I am employed in the county from which the mailing occurred. On the date indicated

13     above, I placed the sealed envelope for collection and mailing at this firm's office business

14     address indicated above. I am readily familiar with this firm's practice for the collection and

15     processing of correspondence for mailing with the United States Postal Service. Under that

16     practice, the firm's correspondence would be deposited with the United States Postal Service on

17     this same date with postage thereon fully prepaid in the ordinary course of business.

18     Executed on November 19, 2007, in the City and County of San Francisco, State of

19     California.

20     I declare under penalty of perjury under the laws of the State of California that the

21     foregoing is true and correct.

22

23                                    _Kate Brandt_
                                      Kate Brandt

24

25

26

27

28

OHS West:260331737.1