1    CLIFF PALEFSKY (State Bar No. 77683)
     CAROLYN LEARY (State Bar No. 226845)
2    cleary@mhpsf.com
     McGUINN, HILLSMAN & PALEFSKY
3    535 Pacific Avenue
     San Francisco, CA 94133
4    Telephone:    +1-415-421-9292
     Facsimile:    +1-415-403-0202
5
     **Attorneys for Plaintiff**
6    **Clement Kichuk**

7    GARY R. SINISCALCO (STATE BAR NO. 64770)
     grsiniscalco@orrick.com
8    ERIN M. CONNELL (STATE BAR NO. 223355)
     econnell@orrick.com
9    ORRICK, HERRINGTON & SUTCLIFFE LLP
     The Orrick Building
10   405 Howard Street
     San Francisco, CA  94105-2669
11   Telephone:    +1-415-773-5700
     Facsimile:    +1-415-773-5759
12
     **Attorneys for Defendant**
13   **Business Objects Americas**

14                    UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16                        SAN JOSE DIVISION

17

18
     CLEMENT KICHUK,                        Case No.  C 07 05893 RMW
19
                    Plaintiff,              **JOINT CASE MANAGEMENT**
20                                          **STATEMENT AND**
          v.                                **[PROPOSED] ORDER**
21
     BUSINESS OBJECTS AMERICAS, a
22   corporation, and DOES 1 through 10,

23                    Defendants.

24

25

26

27

28

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as the Case Management Order in this case.

**I.    JURISDICTION AND SERVICE**

This case was removed from California state court on November 20, 2007, pursuant to this Court's federal question jurisdiction and supplemental jurisdiction.  No personal jurisdiction issues exist as to either Plaintiff Clement Kichuk or Defendant Business Objects Americas, nor are there any issues as to venue.  All parties have been served.

**II.    FACTS**

**A.    Chronology of Facts**

This is an employment case.  The Plaintiff is CLEMENT KICHUK ("Kichuk" or "Plaintiff").  The Defendant is BUSINESS OBJECTS.  Kichuk commenced employment at Business Objects in July 2005.  His employment was terminated in June 2007.  At the time of his termination, Kichuk was the Marketing Director for Global Services.  He was 59 years old.

In this lawsuit, Plaintiff alleges that he was discriminated against and terminated on account of his age and on account of his complaints regarding age discrimination.  Defendant denies that Plaintiff was discriminated against or terminated for these reasons, and instead contends that Plaintiff was terminated for poor performance.

Plaintiff's Complaint states four causes of action: a violation of California Government Code Section 12940 (age discrimination); a violation of the ADEA (age discrimination); a violation of Government Code Section 12940 (Retaliation); a violation of the ADEA (Retaliation); and wrongful termination in violation of public policy.

Defendant denies it engaged in any unlawful conduct with respect to Plaintiff.

**B.    Factual Issues in Dispute**

The parties dispute the following factual issues:

- What was the reason for the termination of Plaintiff's employment?
- How was Plaintiff's job performance prior to the time he complained to Defendant's human resources department that he had been discriminated against on the basis of his age?

- Was Plaintiff's age a factor in: 1) any of Defendant's employment decisions regarding Plaintiff; 2) Plaintiff's performance review in April 2007; and 3) Defendant's decision to terminate Plaintiff.
- Was Plaintiff's internal complaint regarding age discrimination a factor in Plaintiff's performance review and termination?
- What economic damages has Plaintiff suffered as a result of his termination?

## III.    PRINCIPAL LEGAL ISSUES

The principles legal issues in this case are:

- Whether Defendant violated FEHA or the ADEA by discriminating against Plaintiff on account of his age?
- Whether Defendant violated FEHA or the ADEA by retaliating against Plaintiff on account of his internal complaint regarding age discrimination?
- Did Defendant terminate Plaintiff in violation of public policy?
- Is Plaintiff entitled to economic damages as a result of his termination?
- If Plaintiff is entitled to economic damages as a result of his termination, in what amounts?
- If Plaintiff is entitled to emotional distress damages as a result of his termination, in what amount?

## IV.    MOTIONS

Plaintiff does not intend to file any motions at this time.  Defendant intends to file a motion for summary judgment and/or summary adjudication.

## V.    AMENDMENT OF PLEADINGS

Neither side has any intent to amend the pleadings at this time.

## VI.    EVIDENCE PRESERVATION

Both parties are preserving all relevant evidence in their possession.

## VII.    DISCLOSURES

The parties will make their initial disclosures by February 27, 2008.

**VIII.  DISCOVERY**

The parties have agreed to a discovery plan (filed separately).  Plaintiff has already taken the deposition of one third-party witness.  Assuming a trial date is set in February 2009, the parties expect to complete all discovery no later than November 1, 2008.  The parties do not expect to need more than ten depositions.  The parties expect to serve document requests and interrogatories and may serve requests for admissions.

**IX.     CLASS ACTIONS**

Not applicable.

**X.      RELATED CASES**

None.

**XI.     RELIEF SOUGHT**

Plaintiff will seek economic damages caused by his termination, including damages for lost wages and benefits.  An outline of Plaintiff's preliminary estimated economic damage computations is attached as Exhibit A.  Plaintiff will also seek punitive damages and emotional distress damages in an amount left to the discretion of the jury.  Plaintiff will also seek an award of attorneys' fees.

**XII.    SETTLEMENT AND ADR**

The parties have agreed to private mediation to facilitate settlement discussions.  Both parties have complied with ADR Local Rule 3-5.  The parties' mediation is currently scheduled for March 11, 2008.

**XIII.   CONSENT TO MAGISTRATE**

There is not unanimous consent to proceed before a magistrate judge.

**XIV.    OTHER REFERENCES**

The parties do not believe any of these references would be appropriate.

**XV.     NARROWING OF ISSUES**

At the present time, the parties do not believe that the issues can be narrowed by stipulation, bifurcation, or otherwise.

**XVI.    EXPEDITED SCHEDULE**

The parties are eager to handle this matter as efficiently as possible.  While the parties do not believe there are any particular streamlined procedures that will be useful here, the parties are happy to discuss this issue at the Case Management Conference.

**XVII. SCHEDULING**

The parties intend to conduct discovery during the spring of 2008.  Expert designations are proposed to occur by December 1, 2008.  The discovery cutoff is proposed for November 1, 2008.  The parties anticipate that a hearing on any dispositive motions will take place not later than 30 days prior to trial, with a trial if needed in February 2009.

**XVIII. TRIAL**

The parties anticipate a jury trial lasting seven to ten days.

**XIX.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have made the required Local Rule 3-16 disclosures.  Cliff Palefsky, attorney of record for Clement Kichuk, and Erin Connell, attorney of record for Business Objects Americas, certified as to their respective clients as follows:  "Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report."

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    **XX.    OTHER MATTERS**

2        None.

3        Dated:  February 22, 2008

4                                              CLIFF PALEFSKY
                                              CAROLYN LEARY
5                                             McGUINN, HILLSMAN & PALEFSKY

6

7                                             By:_____/s/_____
                                                          Carolyn Leary
8                                                    Attorneys for Plaintiff
                                                      Clement Kichuk

9        Dated:  February 22, 2008

10                                            GARY R. SINISCALCO
                                              ERIN M. CONNELL
11                                            ORRICK, HERRINGTON & SUTCLIFFE LLP

12

13                                            By:_____/s/_____
                                                          Erin M. Connell
14                                                   Attorneys for Defendant
                                                   Business Objects Americas

15

16                       **CASE MANAGEMENT ORDER**

17        The Case Management Statement and [Proposed] Order is hereby adopted by the Court as

18    the Case Management Order for the case and the parties are ordered to comply with this Order.

19    In addition the Court orders:

20

21

22        IT IS SO ORDERED.

23

24    Dated: _____

25

26                              _____
                                              Ronald M. Whyte
27                                   United States District Court Judge

28