1  GARY R. SINISCALCO (STATE BAR NO. 64770)
   grsiniscalco@orrick.com
2  ERIN M. CONNELL (STATE BAR NO. 223355)
   econnell@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
4  405 Howard Street
   San Francisco, CA  94105-2669
5  Telephone:    +1-415-773-5700
   Facsimile:    +1-415-773-5759
6
   Attorneys for Defendant
7  Business Objects Americas

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11

12
   CLEMENT KICHUK,                      Case No.  C 07 05893 RMW
13
                Plaintiff,              **STIPULATED PROTECTIVE
14                                      ORDER RE USE OF PRIVATE AND
        v.                             CONFIDENTIAL INFORMATION**
15
   BUSINESS OBJECTS AMERICAS, a
16 corporation, and DOES 1 through 10,

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

Plaintiff and Defendant (collectively "Stipulating Parties"), through their respective counsel of record, stipulate as follows:

1. That the preparation and trial of this action may require the discovery or disclosure of documents, information or other material claimed by one or more of the parties to this action or others to be confidential.

2. In order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and serve the ends of justice, a protective order for such information is prudent and necessary.

3. Any Stipulating Party may designate as "Confidential" any documents or other information that contains "Confidential Information," as that term is defined in Paragraph 4 below, that a Stipulating Party has kept secret or confidential and which, if disclosed, could place a Stipulating Party at a competitive disadvantage in the marketplace or cause disclosure of information protected by the right to privacy. Documents, depositions, and interrogatory responses or other papers shall be designated confidential by stamping the word "Confidential" on each page of the document containing confidential information or by a Stipulating Party advising the other Stipulating Party in writing that such documents are deemed to be confidential.

4. "Confidential Information" includes documents or other information constituting trade secrets, proprietary or other confidential commercial information that belongs to Business Objects Americas ("Business Objects") and which if disclosed could place Business Objects at a competitive disadvantage in the marketplace or cause disclosure of information protected by the right to privacy, including the following specific categories of documents: (1) documents that reveal confidential employee information such as name, address, telephone number, salary, or demographic or other personal information; (2) documents that reveal financial or personal information regarding Business Objects' clients; (3) and documents that reveal confidential financial or commercial information regarding Business Objects' business that is not available to the public or Business Objects' competitors and which if disclosed could place Business Objects at a competitive disadvantage in the marketplace or cause disclosure of

1  information protected by the right to privacy.  "Confidential Information" also includes

2  documents or information protected by the right to privacy relating to Clement Kichuk or past and

3  present employees of Business Objects, including private personnel or medical information.

4  Execution of this protective order shall not waive any right otherwise available to the Stipulating

5  Parties to object to the production of any such requested information on privacy, attorney-client

6  privilege, attorney work product, relevancy or other grounds when the parties deem such an

7  objection to be necessary or appropriate.

8       5.    XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX   PVT

9  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXX

10 XXXXXXXXXXXXXXXXXX On shall, in this litigation XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

11 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

12 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

13 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

14 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

15 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
   X                                       X

16 this Stipulated Protective Order.

17       6.    All Confidential Information provided by the parties pursuant to discovery

18 or otherwise obtained in the course of this litigation shall be treated as confidential and shall not

19 be disseminated to any person not directly connected with this specific litigation.  Specifically, all

20 Confidential Information listed in Paragraph 4 that is obtained through discovery or otherwise

21 from the parties in this case shall not be disclosed to anyone other than:

22      (a)    retained and corporate attorneys for any Stipulating Party who are

23 engaged in litigating this action and the employees of such attorneys;

24      (b)    persons not employees of any Stipulating Party who serve as

25 experts or consultants ("outside experts") to assist such Stipulating Party's counsel in the

26 preparation of this action for trial, including, but not limited to auditors, accountants, statisticians,

27 economists, medical and mental health experts, attorneys and other experts, and the employees of

28 such persons;

(c)      a Stipulating Party, or principals, officers, employees, agents or representatives of any Stipulating Party whose assistance or consultation is required by counsel in connection with the prosecution or defense of this action;

(d)      potential witnesses in connection with this litigation;

(e)      any mediator hired by the parties to assist in resolving this case.

7.      No person shall make any disclosure of Confidential Information to any person falling within categories (b), (c) or (d) in Paragraph 6 without first obtaining from any such person a signed statement in the form attached hereto as Exhibit "A."  Either party may request of the other a copy (if any) of said signed statement(s) to counsel.  The other party must promptly comply with such a request by providing copies of the signed statement(s) by telecopier or other appropriate means, and in no event beyond five (5) business days of such a request.  If a party objects to the disclosure of information to a particular person, the Stipulating Party objecting to such disclosure shall have five days to seek a protective order from the Court barring such disclosure and no such disclosure shall be made until further order of the Court.

8.      No disclosure of Confidential Information shall be made except in accordance with this Stipulation and Protective Order, and no use shall be made of any Confidential Information except in accordance with this Stipulation and Protective Order.

9.      This order shall in no way impair the right of any party to raise or assert a defense or objection, including but not limited to defenses or objections to the production of documents or information and to the use, relevancy or admissibility at the trial of this litigation of any evidence, whether or not comprised of documents or information governed by this order.

10.      The parties agree to enter into this Stipulation pending an Order hereon by the Court and to abide by all terms of this Stipulation as to any Confidential Information produced prior to the Court entering its Order hereon, irrespective of whether the Court has issued, or ever issues, a signed Order

11.      All attempts to use any Confidential Material in connection with any pleading, motion or as evidence shall be governed by the procedures set forth in Local Civil Rule 79-5.  The Court's refusal to order certain documents sealed does not impact or abrogate any

1    party's designation of those documents as Confidential Information.

2              12.    Nothing in this order shall preclude any party from using Confidential

3    Information at the trial of this litigation; provided, however, that prior to using such material the

4    party offering it advises the Court and all other parties so that steps can be taken to ensure the

5    preservation of the confidential nature of the information to be used, if deemed necessary and

6    appropriate by the Court.

7              13.    Should any Stipulating Party object to the Confidential treatment of any

8    information designated Confidential under the terms hereof, such Stipulating Party shall, after

9    meeting and conferring in good faith with the designating party, move the Court for an order

10   releasing the material from the designation as Confidential.

11             14.    Nothing contained herein shall restrict in any way the rights of any

12   Stipulating Party producing Confidential Information to release that information or otherwise

13   make it non-Confidential.

14             15.    At the conclusion of the litigation, all Confidential Information designated

15   in accordance with this Order shall be placed by counsel for the discovering party in a sealed

16   envelope with the words to the effect "Confidential Pursuant to Protective Order" on the envelope

17   and shall be kept safe, secure and confidential in accordance with the terms of this Order.  Notes,

18   summaries and other documents protected by the work product doctrine shall remain subject to

19   this Stipulation and Protective Order.

20             16.    This Stipulation and Protective Order shall not limit the right of any party

21   to apply for further protective orders as modifications or extensions of this order, and shall not

22   restrict the use by any party of its own information.

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

STIPULATION AND [PROPOSED] ORDER
PROTECTING DOCUMENTS OR INFORMATION
FROM DISCLOSURE

1            17.     Once protections in this Stipulation and Protective Order have attached to a

2    document, statement or item of information hereafter communicated, such protections shall not be

3    reduced or waived by further communicating, restating, summarizing, discussing or referring to

4    any such documents, statements or information.

5    Dated:  March 3, 2007.

6                                           GARY R. SINISCALCO
     ERIN M. CONNELL

7                                           ORRICK, HERRINGTON & SUTCLIFFE LLP

8

9                                           BY:_____/s/_____
                                               Erin M. Connell

10                                            Attorneys for Defendant
                                              Business Objects Americas

11   Dated:  March 3, 2007.

12                                          CLIFF PALEFSKY
     CAROLYN LEARY

13                                          McGUINN, HILLSMAN & PALEFSKY

14

15                                          BY:_____/s/_____
                                               Carolyn Leary

16                                          Attorneys for Plaintiff Clement Kichuk

17

18   IT IS SO ORDERED:   (As Modified Herein)

19   
20   Dated:  ____March 4, 2008_____    _____

21                                        XXXXXXXXXXXXXXX
                           United States DXXXXXXXXXXJudge
                                   Magistrate

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

<u>CERTIFICATION</u>

I _____, hereby state and declare that I have read and understand the attached Protective Order re Private and Confidential Information (the "Protective Order") in the matter of *Clement Kichuk v. Business Objects Americas*, United States District Court, Northern District of California Case No. C 07 05893 RMW, and hereby agree to fully comply with the terms and conditions thereof.  This Protective Order is enforceable by the United States District Court, Northern District of California.

Executed this _____ day of _____ 2008, at _____.

_____
(Signature)