1  GARY R. SINISCALCO (STATE BAR NO. 64770)
   grsiniscalco@orrick.com
2  ERIN M. CONNELL (STATE BAR NO. 223355)
   econnell@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
4  405 Howard Street
   San Francisco, CA  94105-2669
5  Telephone:     +1-415-773-5700
   Facsimile:     +1-415-773-5759
6
   Attorneys for Defendant
7  Business Objects Americas

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                          SAN JOSE DIVISION
11

12
13  CLEMENT KICHUK,                              Case No.  C 07 05893 RMW
                                                  AMENDED
14              Plaintiff,                       SXXXXXXXXXXXX **PROTECTIVE ORDER RE USE OF PRIVATE AND CONFIDENTIAL INFORMATION**

15       v.

16  BUSINESS OBJECTS AMERICAS, a
    corporation, and DOES 1 through 10,
17
                Defendants.

1      Plaintiff and Defendant (collectively "Stipulating Parties"), through their
2 respective counsel of record, stipulate as follows:
3      1.   That the preparation and trial of this action may require the discovery or
4 disclosure of documents, information or other material claimed by one or more of the parties to
5 this action or others to be confidential.
6      2.   In order to expedite the flow of discovery materials, facilitate the prompt
7 resolution of disputes over confidentiality, adequately protect material entitled to be kept
8 confidential, and serve the ends of justice, a protective order for such information is prudent and
9 necessary.
10     3.   Any Stipulating Party may designate as "Confidential" any documents or
11 other information that contains "Confidential Information," as that term is defined in Paragraph 4
12 below, that a Stipulating Party has kept secret or confidential and which, if disclosed, could place
13 a Stipulating Party at a competitive disadvantage in the marketplace or cause disclosure of
14 information protected by the right to privacy. Documents, depositions, and interrogatory
15 responses or other papers shall be designated confidential by stamping the word "Confidential"
16 on each page of the document containing confidential information or by a Stipulating Party
17 advising the other Stipulating Party in writing that such documents are deemed to be confidential.
18     4.   "Confidential Information" includes d[illegible]

[Lines 19–28 contain text that is obscured/illegible on the page.]

1  ixxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx;

2  cxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

3  pxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

4  Exxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxg

5  Exxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

6  pxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

7  cxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx Information as defined and set forth in Fed. R. Civ. P. 26(c).

8       5.    Neither the provisions of this Stipulated Protective Order, nor any

9  designation or failure to designate any particular information, document or material by a party as

10  Confidential Information shall, in this litigation or any other litigation, constitute a waiver of the

11  rights of a party to assert confidentiality with respect to any document, material or information

12  meeting the definition of Confidential Information in Paragraph 1 above.  Upon discovery of an

13  inadvertent or otherwise non-designation, the discovering party will immediately notify the

14  opposing party and the information, document or material identified will be henceforth treated as

15  if it had been originally designated as Confidential Information and will be subject to the terms of

16  this Stipulated Protective Order.

17       6.    All Confidential Information provided by the parties pursuant to discovery

18  or otherwise obtained in the course of this litigation shall be treated as confidential and shall not

19  be disseminated to any person not directly connected with this specific litigation.  Specifically, all

20  Confidential Information listed in Paragraph 4 that is obtained through discovery or otherwise

21  from the parties in this case shall not be disclosed to anyone other than:

22       (a)    retained and corporate attorneys for any Stipulating Party who are

23  engaged in litigating this action and the employees of such attorneys;

24       (b)    persons not employees of any Stipulating Party who serve as

25  experts or consultants ("outside experts") to assist such Stipulating Party's counsel in the

26  preparation of this action for trial, including, but not limited to auditors, accountants, statisticians,

27  economists, medical and mental health experts, attorneys and other experts, and the employees of

28  such persons;

    (c) a Stipulating Party, or principals, officers, employees, agents or representatives of any Stipulating Party whose assistance or consultation is required by counsel in connection with the prosecution or defense of this action;

    (d) potential witnesses in connection with this litigation;

    (e) any mediator hired by the parties to assist in resolving this case.

  7. No person shall make any disclosure of Confidential Information to any person falling within categories (b), (c) or (d) in Paragraph 6 without first obtaining from any such person a signed statement in the form attached hereto as Exhibit "A." Either party may request of the other a copy (if any) of said signed statement(s) to counsel. The other party must promptly comply with such a request by providing copies of the signed statement(s) by telecopier or other appropriate means, and in no event beyond five (5) business days of such a request. If a party objects to the disclosure of information to a particular person, the Stipulating Party objecting to such disclosure shall have five days to seek a protective order from the Court barring such disclosure and no such disclosure shall be made until further order of the Court.

  8. No disclosure of Confidential Information shall be made except in accordance with this Stipulation and Protective Order, and no use shall be made of any Confidential Information except in accordance with this Stipulation and Protective Order.

  9. This order shall in no way impair the right of any party to raise or assert a defense or objection, including but not limited to defenses or objections to the production of documents or information and to the use, relevancy or admissibility at the trial of this litigation of any evidence, whether or not comprised of documents or information governed by this order.

  10. The parties agree to enter into this Stipulation pending an Order hereon by the Court and to abide by all terms of this Stipulation as to any Confidential Information produced prior to the Court entering its Order hereon, irrespective of whether the Court has issued, or ever issues, a signed Order

  11. All attempts to use any Confidential Material in connection with any pleading, motion or as evidence shall be governed by the procedures set forth in Local Civil Rule 79-5. The Court's refusal to order certain documents sealed does not impact or abrogate any

party's designation of those documents as Confidential Information.

12. Nothing in this order shall preclude any party from using Confidential Information at the trial of this litigation; provided, however, that prior to using such material the party offering it advises the Court and all other parties so that steps can be taken to ensure the preservation of the confidential nature of the information to be used, if deemed necessary and appropriate by the Court.

13. Should any Stipulating Party object to the Confidential treatment of any information designated Confidential under the terms hereof, such Stipulating Party shall, after meeting and conferring in good faith with the designating party, move the Court for an order releasing the material from the designation as Confidential.

14. Nothing contained herein shall restrict in any way the rights of any Stipulating Party producing Confidential Information to release that information or otherwise make it non-Confidential.

15. At the conclusion of the litigation, all Confidential Information designated in accordance with this Order shall be placed by counsel for the discovering party in a sealed envelope with the words to the effect "Confidential Pursuant to Protective Order" on the envelope and shall be kept safe, secure and confidential in accordance with the terms of this Order. Notes, summaries and other documents protected by the work product doctrine shall remain subject to this Stipulation and Protective Order.

16. This Stipulation and Protective Order shall not limit the right of any party to apply for further protective orders as modifications or extensions of this order, and shall not restrict the use by any party of its own information.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1    17.    Once protections in this Stipulation and Protective Order have attached to a document, statement or item of information hereafter communicated, such protections shall not be reduced or waived by further communicating, restating, summarizing, discussing or referring to any such documents, statements or information.

Dated: March 3, 2007.

GARY R. SINISCALCO
ERIN M. CONNELL
ORRICK, HERRINGTON & SUTCLIFFE LLP


BY:           /s/
         Erin M. Connell
      Attorneys for Defendant
      Business Objects Americas

Dated: March 3, 2007.

CLIFF PALEFSKY
CAROLYN LEARY
McGUINN, HILLSMAN & PALEFSKY


BY:           /s/
         Carolyn Leary
   Attorneys for Plaintiff Clement Kichuk


IT IS SO ORDERED:

Dated: ___March 7, 2008___   _____    _Patricia V. Trumbull_____
                                         xxxxxxxxxxxxxxxx
                                         United States D xxxxxxxxxxx  xxxxxx
                                         Magistrate Judge

**EXHIBIT A**

<u>CERTIFICATION</u>

I _____, hereby state and declare that I have read and understand the attached Protective Order re Private and Confidential Information (the "Protective Order") in the matter of *Clement Kichuk v. Business Objects Americas*, United States District Court, Northern District of California Case No. C 07 05893 RMW, and hereby agree to fully comply with the terms and conditions thereof.  This Protective Order is enforceable by the United States District Court, Northern District of California.

Executed this \_\_\_\_\_ day of _____ 2008, at _____.

_____
(Signature)